# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO  DIVISION

| | | |
|---|---|---|
| DALE EUGENE GAINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV605-127 |
| | ) | |
| LISA ROWE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint in forma pauperis alleging that his former employer, acting through various supervisory personnel, violated his "right to make concieous desitions [sic] about [his] life, liberty and property with no  process of law whatsoever." Doc. 1. Specifically, plaintiff contends that the defendants allowed him to return to work at the Briggs & Stratton Statesboro plant despite knowledge of his "lethargic state" resulting from medication he had recently taken following an on-the-job rib injury. Plaintiff states that his reliance upon the judgment of his Briggs & Stratton supervisors "directly caused me to sustain a crushed left leg."  Plaintiff does

not state any grounds for the Court's jurisdiction, and he makes no demand for money damages or any other form of relief.

There are numerous problems with plaintiff's complaint that require its dismissal under 28 U.S.C. § 1915(e)(2)(B).  First, to the extent that plaintiff is endeavoring to assert a violation of his constitutional "due process" rights, his complaint fails to state a claim for relief.  While the Constitution protects against the deprivation of life, liberty, or property without due process of law, U.S. Const. amends. V, XIV, these provisions are applicable to the actions of governmental authorities, not to the actions of a private employer or its supervisory personnel.  Federal law does create a cause of action against state or federal officials who, acting under color of their authority, violate rights guaranteed to an individual under the United States Constitution.  42 U.S.C. § 1983; see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing a cause of action for damages against a federal official who, acting under color of his authority, violates the Fourth Amendment's command against unreasonable searches and seizures).  But plaintiff satisfies neither of the elements required to establish a constitutional tort claim, for it is clear from the face of his complaint that defendants were not acting under color of law

2

and that they did not infringe any of plaintiff's constitutional rights.[1] The defendants are private individuals or corporations who were not acting in concert with any federal or state official or performing any public function. Further, defendants violated none of plaintiff's constitutional rights by failing to recognize that his medical impairment made him unfit for work. Plaintiff has simply stated no basis for a constitutional tort claim against any of the defendants.

Nor would the construction of the complaint as an ordinary negligence action offer any assistance to the plaintiff.  First, the case cannot proceed under diversity jurisdiction because plaintiff is a citizen of Georgia and each of the individual defendants who work at the Briggs & Stratton Statesboro plant are also likely Georgia citizens, thus defeating the requirement of complete diversity. 28 U.S.C. § 1332 (a). Additionally, as plaintiff has failed to include a prayer for relief, he has not alleged that the amount in controversy exceeds $75,000, as required by § 1332 (a).  Furthermore, as

---

[1]"In order to prevail in a civil rights action under section 1983, 'a plaintiff must make a prima facie showing of two elements:  (1) that the act or omission deprived plaintiff of a right, privilege, or immunity secured by the Constitution or a law of the United States, and (2) that the act or omission was done by a person acting under color of law.'" Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990).

plaintiff anticipates in his complaint, any negligence action against his employer or its employees would be foreclosed by the Georgia Workman's Compensation laws, even if it could be brought in federal court.

Finally, plaintiff's action is time-barred. Plaintiff alleges that his injury occurred on November 1, 2003, but he did not file his complaint with this Court until November 14, 2005, more than two years after his cause of action arose. Whether plaintiff's complaint is construed as an ordinary negligence action or as an action seeking to recover for a violation of his constitutional rights, this Court must apply the Georgia statute of limitations governing actions for personal injury. Mullinax v. McElhenney, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987). In Georgia, the statute of limitations for personal injury is two years. Id.; O.C.G.A. § 9-3-33. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

## CONCLUSION

Plaintiff's action should be DISMISSED under 28 U.S.C. § 1915 (e)

(2)(B) for failure to state a claim upon which relief can be granted.

**SO REPORTED AND RECOMMENDED** this $27^{R}$day of

**February, 2006.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA